**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5555-17T1

ROCCO DUARDO,

     Plaintiff-Appellant,

v.

CITY OF HACKENSACK,
HACKENSACK POLICE
DEPARTMENT, OFFICE OF
THE BERGEN COUNTY
PROSECUTOR'S OFFICE,
GURBIR S. GREWAL, in his
official capacity as Bergen County
Prosecutor, and TED M.
EHRENBURG, in his official
capacity as City Manager for the
City of Hackensack,

     Defendants-Respondents.

_____

Argued July 9, 2019 – Decided August 5, 2019

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5522-17.

Charles J. Sciarra argued the cause for appellant (Sciarra & Catrambone, LLC, attorneys; Charles J. Sciarra, of counsel and on the brief; Frank C. Cioffi, on the brief).

Raymond R. Wiss argued the cause for respondents City of Hackensack, Hackensack Police Department, and Ted M. Ehrenburg (Wiss & Bouregy, PC, attorneys; Raymond R. Wiss, of counsel and on the brief; Thomas K. Bouregy, Jr. and Timothy J. Wiss, on the brief).

Thomas B. Hanrahan argued the cause for respondents Bergen County Prosecutor's Office and Gurbir S. Grewal (Hanrahan Pack, LLC, attorneys; David Pack, of counsel and on the brief; Thomas B. Hanrahan and Kathy A. Kennedy, on the brief).

PER CURIAM

Plaintiff Rocco Duardo appeals from a March 26, 2018 order, denying him injunctive relief and dismissing his verified complaint, and the July 23, 2018 order, denying reconsideration. Because we find plaintiff's counsel's certification was insufficient to support Rule 1:4-7's verification requirement, the complaint was procedurally flawed, requiring its dismissal. We affirm.

Plaintiff is a patrolman in the Hackensack Police Department (HPD). In December 2016, he and five other officers engaged in a warrantless search of an apartment. The report submitted by Detective Mark Gutierrez stated that the officers originally arrived at the area to "check for narcotic activity." After the

officers were on the scene, Gutierrez stated an unknown resident informed them "he believed there was an unattended child" in a specific apartment. When no one responded to the officers' knock on the apartment's door, they discovered it "was left [u]nsecured." Gutierrez reported the officers entered the apartment, checked it, and left.

After HPD received an anonymous letter claiming Gutierrez's report of the December 2016 search was "full of lies," HPD's internal affairs department initiated an investigation into the search. Surveillance footage from a camera inside the building showed the six officers entering the apartment after tampering with the door's lock. HPD informed defendant the Bergen County Prosecutor's Office (BCPO) of the officers' unlawful entry into the apartment. The BCPO thereafter began a criminal investigation into the events.

In May 2017, defendant City of Hackensack (City) issued plaintiff a Preliminary Notice of Disciplinary Action (PNDA), suspending plaintiff from HPD, without pay, "effective immediately" because of the warrantless search. HPD also sought to terminate plaintiff from his employment for violating multiple New Jersey statutes, regulations, and HPD rules.

A-5555-17T1

Following a <u>Loudermill</u>[1] hearing, plaintiff's suspension was upheld but the City was instructed to return plaintiff to paid status. The hearing officer found the Internal Affairs Captain and City Manager to be "very credible."

After reviewing HPD's internal affairs investigation report, the BCPO determined the facts did not support the filing of criminal charges against plaintiff. The BCPO referred the matter back to "HPD to conduct an administrative internal affairs investigation in accordance with the Attorney General's Guidelines."

The next day, defendant Gurbir Grewal, the Bergen County Prosecutor, wrote to HPD stating: "While we informed you on July 19, 2017 . . . that our review of those allegations and available evidence did not support the filing of criminal charges against [plaintiff] at this time, we believe that [his] conduct undermines . . . [his] credibility as [a] law enforcement witness[]." As a result of the officers' conduct, the BCPO determined it had to dismiss eight cases pertaining to sixteen different criminal defendants. Grewal stated further: "Based on the holdings in <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v.</u>

---

[1] <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532 (1985) (holding that a public employee has a property right in his or her continued employment that cannot be taken away without due process).

United States, 405 U.S. 150 (1972), and their progeny, any decisions concerning the future testimony of any of the [s]ubject [o]fficers will be made on a case-by-case basis."

In August 2017, plaintiff filed a complaint, verified by his counsel, and an order to show cause, seeking to enjoin defendants from pursuing administrative charges against him, and from designating him as a Brady officer.

The City filed a second PNDA on September 1, 2017, suspending the officers with pay. The PNDA again sought to terminate plaintiff from the HPD, and charged him with failing to follow HPD rules and regulations, pursuant to N.J.S.A. 40A:14-147, and for "[i]ncompetency, inefficiency, [inability] or failure to perform duties" under N.J.A.C. 4A:2-2.3(a)(1), (3), (12). In response, plaintiff filed a second amended verified complaint incorporating the second PNDA. The complaint included an amended verification and certification from plaintiff's counsel.

Defendants opposed the order to show cause and moved for dismissal of the verified complaints.

In a March 26, 2018 order and accompanying written statement of reasons, the trial judge found plaintiff's failure to verify the alleged facts in his complaint to demonstrate his personal knowledge of the allegations was a "fatal procedural

deficiency," requiring dismissal of the complaint. The judge also found plaintiff failed to meet the Crowe[2] standards for injunctive relief. Lastly, the judge advised that plaintiff had failed to pursue the appropriate administrative remedies regarding the PDNAs afforded to him under the Civil Service Act, N.J.S.A. 11A:1-1 to -12.6.

Plaintiff moved for reconsideration, and leave to file a third verified amended complaint. In a July 23, 2018 order and written statement of reasons, the trial judge denied the motions, finding plaintiff had not met the standard for reconsideration under Rule 4:49-2 and he had failed to cure the complaint's deficiencies to allow its amendment.

On appeal, plaintiff argues: 1) his counsel could verify the complaint because the allegations are supported by facts in a business record (Gutierrez's report); 2) the BCPO's decision to designate plaintiff as a Brady officer should be reviewed for an abuse of discretion; 3) the BCPO abused its discretion in designating plaintiff as a Brady officer; and 4) he demonstrated a right to injunctive relief.

---

[2] Crowe v. De Gioia, 90 N.J. 126 (1982).

In a summary action brought under Rule 4:67-2, the complaint must be verified by affidavit pursuant to Rule 1:6-6. Similar to the verification requirement under Rule 1:4-7, Rule 1:6-6 prescribes the affidavit must be "made on personal knowledge, setting forth only facts which are admissible in evidence to which the affiant is competent to testify."

Multiple paragraphs of plaintiff's complaint refer to statements made in Gutierrez's report. Plaintiff has not presented any certifications or affidavits verifying his allegations. Instead, his counsel's certification verified that the contents of Gutierrez's report were "true and accurate to the best of [his] knowledge." Under Rule 1:4-7, "[v]erification requires that the pleading party allege facts that are based on personal knowledge and that such allegations be of facts admissible as evidence to which the affiant is competent to testify." Hodges v. Sasil Corp., 189 N.J. 210, 233 n.2 (2007) (first citing R. 1:4-7; then citing Monmouth Cty. Div. of Soc. Servs. v. P.A.Q., 317 N.J. Super. 187, 193-94 (App. Div. 1998)).

We have previously held that an attorney is generally not an individual possessing personal knowledge of relevant facts. See Gonzalez v. Ideal Tile Importing Co., 371 N.J. Super. 349, 358 (App. Div. 2004) ("Even an attorney's sworn statement will have no bearing on a summary judgment motion when the

attorney has no personal knowledge of the facts asserted."). Here, counsel does not assert, and could not assert, he possessed personal knowledge of the facts in Gutierrez's report.

We are unpersuaded by plaintiff's argument, raised for the first time on appeal, that his counsel can testify to the facts in Gutierrez's report because they are admissible under the business records hearsay exception. See N.J.R.E. 803 (c)(6). In light of the circumstances surrounding the creation of Gutierrez's investigative report, its admissibility as a business record is unlikely. Rule 803 (c)(6) prohibits the admissibility of a statement in a writing or record if "the sources of information or the method, purpose or circumstances of preparation indicate that it is not trustworthy." The circumstances leading to plaintiff's disciplinary actions, and his lawsuit, arise out of the events depicted in Gutierrez's report, which have been found to be false in several administrative proceedings.

Even if the report was admissible, it does not solve plaintiff's verification issue. Counsel still lacks the requisite personal knowledge to verify the complaint. He cannot show he was present during the challenged search nor that he helped Gutierrez prepare the report.

The procedural deficits of the verification are a fatal flaw, rendering it a "nullity." P.A.Q., 317 N.J. Super. at 194. In the absence of a verification, the trial court lacked jurisdiction to consider the complaint, and therefore properly dismissed it.

Because we conclude the trial judge did not err in dismissing the complaint for plaintiff's failure to verify its allegations, we need not address the remaining arguments. We also discern no abuse of discretion in the denial of plaintiff's motion for reconsideration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5555-17T1